**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                                      **Case No.  11-CR-102**

    **v.**                              **Judge Gregory L. Frost**

**NEVILLE LYIMO,**

      **Defendant.**

**<u>OPINION AND ORDER</u>**

This matter came on for a hearing this 12th day of February, 2013 upon Defendant's Motion for Relief (Reconsider) From the Court's Order Denying Defendant's Motion to Withdraw Plea (ECF No. 62) filed on January 10, 2013.  The Government did not file a response to this motion.  At the hearing the Court heard testimony from Defendant, Mike Carey, and John Wright.  The latter two witnesses were called by the Court regarding the Court's technology and fax systems.

A considerable amount of background information is necessary to put the testimony and Defendant's Motion in the proper context.  Defendant filed a Motion to Withdraw Pleas (ECF No. 55) on December 20, 2012 and the Government filed a Memorandum in Opposition (ECF No. 58) on January 3, 2013.  Without a hearing, this Court denied Defendant's Motion to Withdraw Plea (ECF No. 59.)  That Order was filed on January 9, 2013.  The Court found that the Motion to Withdraw Plea was not well taken based upon the Court's analysis of the factors set forth in *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994).  Specifically, this Court found that the Motion to Withdraw the Pleas was untimely; that no reason was given for the untimely filing; that Defendant was not asserting that he was innocent of the charge to which he pleaded guilty; that the circumstances surrounding the plea did not favor granting Defendant's motion; and that further delay would prejudice Defendant.

Thereafter, Defendant filed the instant motion to reconsider it's ruling and presented testimony and arguments that require this Court to reconsider the previous order, grant Defendant's motion to withdraw his guilty plea, and reschedule the jury trial.  For the foregoing reasons this Court **GRANTS** Defendant's Motion for Relief (Reconsider) and **GRANTS** Defendant's Motion to Withdraw Plea.

The Court incorporates the timeline set forth in its original Order (ECF No. 59) denying Defendant's Motion to Withdraw Plea.  The Court supplements that history of the case with the following facts found from the testimony presented at the February 12, 2013 hearing.

Defendant testified that on the second day of the jury trial when he entered his plea of guilty plea to Count 16 of the Indictment, he was under the impression based upon conversations with counsel for the Government and his own attorney that the Assistant U.S. Attorney would intercede with immigration authorities in an attempt to prevent Defendant from being deported as a result of the conviction on Count 16.  Defendant denied that the agreement had anything to do with an investigation of Defendant regarding a fraudulent marriage as claimed by the Government.  Defendant also testified that he did not read the plea agreement but rather relied upon his attorney.  Based upon his conversations with his attorney, Defendant believed that the amount of loss that would be attributed to him was the amount of loss involving the criminal conduct in Count 16 only and not the total amount of relevant conduct involving each count of the Indictment as was specifically stated in the plea agreement.  Defendant also testified that he is innocent of all charges.  Finally, Defendant indicated that he contacted his attorney three days after he entered his plea of guilty requesting that counsel inform the Court that Defendant wanted to withdraw his guilty plea.  Apparently counsel for Defendant and Defendant then met the following Monday (six days after the guilty plea had been entered and accepted) and counsel agreed to file the motion to withdraw the guilty plea.

2

Counsel for Defendant then explained that he was ill but finally sent an email to this Court's clerk with an attached motion to withdraw Defendant's guilty plea on November 1, 2012, thirty-six days after the plea of guilty was entered.  Part of the problem is that this Court did not receive the email and, based upon the testimony of the Court's technology personnel, the email with the attachment was blocked by the system because of an unusual characteristic associated with the email and the attachment.  Defense counsel acknowledged that it was his responsibility to check to confirm that the motion to withdraw Defendant's plea was, in fact, filed but he failed to do so.  Eventually, another Motion to Withdraw Plea (ECF No. 55) was filed on December 30, 2012, eighty-six days after the guilty plea was entered.  Defendant's counsel provided this Court with a copy of the first "Ex Parte Under Seal Motion to Withdraw Plea" that he emailed to the Court but which was not received by the Court.  The Court is convinced that Defendant did attempt to email the motion to the Court.

With this new information, the Court will again review the seven *Bashara* factors:

**A.      The timeliness of the motion and reason for untimeliness**

This Court was skeptical that Defendant had attempted to file the original motion on November 1, 2012.  The skepticism was well-founded.  Defendant's counsel indicated that he had sent an email to the Court with the attached motion but this Court had no record of receiving it.  It was not until the hearing on February 12, 2013 that this Court became convinced that the motion had been sent to the Court for filing.  This, or course, does not excuse Defendant's counsel from fulfilling his duty to check this docket.  Regardless, the Court finds that a motion to withdraw Defendant's guilty plea was prepared and sent to the Court on November 1, 2012.  Defendant should not be penalized for the fact that this Court did not receive the motion.  This Court is aware of cases that have found that a thirty-six day delay is considered to be untimely but this Court is also mindful of the fact that Defendant's counsel was ill and unable to handle

his cases for some of that elapsed time.

Given the testimony of Defendant, which this Court finds to be credible, that he contacted his attorney within three days of entering the guilty plea to have the guilty plea set aside, this Court finds that the original motion emailed to this Court was timely.

This factor weighs in favor of permitting Defendant to withdraw his plea.

**B.      The assertion of innocence**

Again, this is an issue that involves the credibility of Defendant.  At the hearing Defendant maintained that he is innocent and not guilty of any wrongdoing.  Defendant insisted that he pleaded guilty to the one count based upon what he thought were assurances from the Government that he would not be deported.  This Court finds Defendant's reason for pleading guilty to be credible and finds that Defendant maintains his innocence.

This factor weighs in favor of granting Defendant's motion.

**C.      The circumstances surrounding the plea**

The Court permitted Defendant to consult with his counsel regarding a possible plea of guilty on the second day of the jury trial.  The Court afforded counsel for Defendant and counsel for the Government ample time to negotiate the terms of the plea agreement.  A plea agreement was prepared and filed with the Court.  Paragraph 10 of the plea agreement provided that the Government would communicate with immigration authorities regarding "any current investigation regarding Defendant NEVILLE LYIMO'S immigration status," The Government maintains that paragraph 10 referred to the Government contacting the immigration authorities concerning an investigation surrounding a possible fraudulent marriage which it did, in fact, do after the plea was entered.  Defendant testified that he thought the provision related to the Government interceding with the immigration authorities to prevent Defendant from being deported as a result of him pleading guilty to Count 16.

This Court believes both the Government and Defendant.  That is to say that this Court believes that there never was a meeting of the minds as to the admittedly obscure language contained in paragraph 10.

Because both parties had a different understanding of the meaning of paragraph 10 of the plea agreement, the circumstances surrounding the plea weigh in favor of granting Defendant's motion.

**D.      The background of Defendant**

Defendant is 36 years of age and was born in Tanzania.  He came to the United States in 1998 and settled in Columbus, Ohio where he has remained until the present.  Defendant speaks fluent English and graduated from Franklin University in 2003 with a Bachelor of Science degree in accounting.  From 2005 to the present, Defendant has been attending Devry University to obtain his Master's Degree in business.  Defendant is presumably married but separated from his wife.  They have two children, age 7 and 13.

This factor neither helps nor hurts Defendant.

**E.      Defendant's prior exposure to the criminal justice system**

Defendant has had some exposure to the criminal justice system before this case but those cases all involved minor misdemeanor traffic offenses.  The Court agrees with the Government that Defendant has had a considerable amount of exposure to the system in this case which has spanned twenty months during which Defendant has had two experienced attorneys.

To be fair, however, this factor neither hurts nor helps Defendant.

**F.      Prejudice to the Government if motion is granted**

The Government complains that during the long pendency of this case it lost some witnesses who left the country or could not be located which resulted in dismissing ten of the original twenty-seven counts.  The Government claims that further delay will undoubtedly result

in more witnesses being lost which will, through no fault of its own, prejudice the Government.

This *Bashara* factor weighs against granting Defendant's motion.

## CONCLUSION

Four *Bashara* factors weigh in favor of granting Defendant's Motion to Withdraw Plea, two neither help nor hurt Defendant, and one weighs heavily against Defendant. The rule allowing guilty pleas to be withdrawn is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Goddard*, 638 F.3d at 493-94 (quoting *United States v. Alexander*, 948 F.2d 1002, 004 (6th Cir. 1991)). *See also*, *U.S. v. Hyde*, 520 U.S. 670 (1997).

This Court finds that Defendant's guilty plea was hastily entered with an unsure heart and a confused mind. This Court finds that fairness and justice require that this Court find Defendant's Motion for Relief (Reconsider) to be well taken and the Court **GRANTS** the same, and, upon reconsideration, the Court finds Defendant's Motion to Withdraw Plea to be well taken and the Court **GRANTS** the same.

The Court **reschedules** the jury trial in this matter to commence on **May 13, 2013 at 9:00 a.m.**

**IT IS SO ORDERED.**

  /s/  **Gregory L. Frost**            
Gregory L. Frost
United States District Judge