IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

  v.            Case No. CR-2-11-162
              JUDGE GREGORY FROST

NEVILLE LYIMO,

  Defendant.

## ORDER

This matter came on for consideration upon Defendant's Corrected Motion for Judgment of Acquittal and Motion for New Trial (ECF No. 127) filed on August 12, 2013 and upon the Government's Memorandum Contra (ECF No. 132) filed on September 3, 2013.

For the reasons that follow the Court finds Defendant's Motion for Judgment of Acquittal and Motion for New Trial to be not well taken and the Court **DENIES** the same.

By way of background, the jury trial in this matter commenced on May 13, 2013.  The Government and Defendant presented evidence regarding the seventeen (17) count Indictment charging Defendant in each of the counts with Aiding, Assisting, or Advising in the Preparation of False Income Tax Returns in violation of 26 U.S.C. §7206(2).  After seven days of trial, the jury returned verdicts of guilty on ten (10) of the counts and verdicts of not guilty on seven (7) of the counts.  Specifically, the jury found Defendant guilty of:

  1.  Count 1  (Adimado, 2004 Tax Return):

  2.  Count 2  (Adimado, 2005 Tax Return):

  3.  Count 3  (Adimado, 2006 Tax Return):

  4.  Count 12  (Kessy, 2006 Tax Return):

  5.  Count 17  (Mbowa, 2004 Tax Return):

6. Count 18 (Mbowa, 2005 Tax Return):

7. Count 19 (Mwangi, 2004 Tax Return):

8. Count 20 (Mwangi, 2006 Tax Return):

9. Count 24 (Poya, 2004 Tax Return):

10. Count 25 (Savage, 2004 Tax Return):

Defendant now attacks those guilty verdicts and relies on Federal Rules of Criminal Procedure (Fed. R. Crim. P.) 29 (c) and 33.

**Fed. R. Crim. P. 29(c)**

Fed. R. Crim. P. 29 reads, in part:

Rule 29. Motion for a Judgment of Acquittal.

(a) Before Submission to the Jury. After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

(b) Reserving Decision. The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

(c) After Jury Verdict or Discharge.

(1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
(2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
(3). No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

Thus, a motion for judgment of acquittal challenges the sufficiency of the evidence. A judgment of acquittal must be granted if "there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Fawaz*, 881 F, 2d 259, 261 (6th Cir. 1989). But, in deciding a motion for judgment of acquittal, the district court may not make an independent determination regarding the credibility of witnesses or the weight to be given to such evidence. *United States v. Levy*, 904 F.2d 1026, 1032 (6th Cir. 1990), *cert. denied*, 498 U.S. 1091 (1991). And, as stated by the Government in its memorandum in opposition, the Government must be given the benefit of all reasonable inferences drawn from the evidence, including circumstantial evidence. *United States v. Adamo*, 742 F.2d 927, 932 (6th Cir. 1984), *cert. denied*, 469 U.S. 1193 (1985).

Defendant argued in his closing argument and argues now that the evidence was insufficient to convict Defendant based upon the credibility of the witnesses. This is simply an attack on the quality of the evidence and not the sufficiency of the evidence. This Court correctly instructed the jury on the three elements of the crimes with which he was charged. The Court correctly instructed the jury on how to judge the credibility of the witnesses. The Government presented evidence regarding the three elements on each of the ten counts. There is no question in the Court's mind that, viewing the evidence in light most favorable to the Government, there was more than sufficient evidence from which a reasonable mind might fairly conclude guilt beyond a reasonable doubt on all ten counts. The evidence was sufficient to establish that Defendant assisted or advised the taxpayers in the preparation of false or fraudulent tax returns, that the tax returns were false or fraudulent as to at lease one material matter regarding the computation of whether income tax was owed, and Defendant acted willfully.

**Fed R. Crim P. 33**

Fed. R. Crim P. 33(a ) provides:

Rule 33. New Trial
(a) Defendant's Motion.  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

Generally, a new trial may be granted where the interests of justice require it.  The trial court will grant a motion for a new trial under the interests of justice standard only where exceptional circumstances are shown such as where there might be a miscarriage of justice or where there is prejudicial error.  *United States v. Graham*, 125 Fed. Appx 624, 628 ( 6th Cir. 2005); *United States v. Lebovitz*, 586 D. Supp. 265 (W.D. Pa. 1084), *judgment aff'd*, 746 F. 2d 1468 (3rd Cir. 1984); *United States v. Balistrieri*, 577 Fed.  Supp. 1532 (E.D. Wis. 1984). Conversely, a new trial will not be granted in the absence of such substantial prejudice to the rights of the accused as to make it reasonably clear that a fair trial was not had, or where the grounds on which it is sought are trivial and depend on technical error.  *United States v. Arrington*, 757 F,2d 1484 (4th Cir. 1985).

Again, Defendant argues that the credibility of the witnesses was suspect and, because of that, a new trial is required.  There is no doubt that most of the witnesses who testified in this matter had some issues involving their immigration status.  However, those witnesses admitted to their illegal immigration issues and the jury obviously chose to believe their testimony as it related to Defendant and his acts that formed the basis of the charges.  The fact that the jury attached credibility to the testimony of those witnesses is not a miscarriage of justice.  It is simply the prerogative of the jury.  Defendant will not be heard to complain about credibility issues when the testimony of all the witnesses provided a sufficient basis to find Defendant guilty.

Defendant specifically complains that the Government failed to present evidence regarding the marital status of certain taxpayers. Defendant's argument misses the point. The issue is whether Defendant exercised due diligence in preparing or assisting in the preparation of false tax returns. The evidence in this case supports the fact that Defendant ignored the implications of information furnished, ignored the information that Defendant actually knew, or failed to make reasonable inquiries when the information presented was patently false, indirect, or incomplete. Moreover, as the Government's response provides, the filing status of the four taxpayer-witnesses (Adimado, Mbowa, Mwangi, and Savage) was only one of several matters that were plainly false on those tax returns and the jury, in all likelihood, found Defendant guilty based upon the cumulative effect of all of the false information contained in each of the tax returns. Defendant has failed to show any miscarriage of justice when advancing this argument.

Defendant next argues that the Government failed to prove that Defendant knew that the information was false or that Defendant intended to provide false information. The Government's obligation was to prove beyond a reasonable doubt that Defendant acted in a willful manner when he aided, assisted, or advised taxpayers in the preparation of false or fraudulent tax returns and that the tax returns were false or fraudulent as to some material matter necessary to the determination of whether income tax was owed. The statue involved 26 U.S.C. §7206(2), is in the nature of an aiding and abetting offense or complicity offense which criminalizes an act undertaken willfully and with knowledge of the illegal circumstances. *United States v. Searan*, 259 F.3D 434, 443 (6th Cir. 2001). A taxpayer can be found guilty of acting illegally as can a tax preparer who knowingly and willfully assists in the taxpayer's criminal acts. The Government proved directly and circumstantially that Defendant participated in a pattern of illegal conduct designed to maximize refunds of his clients. The evidence was

overwhelming and this Court can find no miscarriage of justice relating to the guilty verdicts.

Defendant's next three arguments relate to this Court's rulings during the trial. First, the Court did not permit Defendant's expert witness to opine on the credibility of some of the witnesses. The expert witness, Jerry Anderson, was recognized by the Court as an expert witness in the field of IRS regulations and tax law. The expert witness was permitted to testify extensively on those subjects. However, the Court prevented the witness from giving an opinion on the credibility of certain taxpayer-witnesses who the expert had no direct contact with and with whom the expert witness had no discussions regarding their contact with Defendant. That line of questioning was clearly improper.

Defendant also complains that the Court quashed the subpoena of an Immigration and Customs Enforcement (ICE) officer and that this Court permitted Agent Casserly, an Internal Revenue Service employee, to invoke his Fifth Amendment right not to testify. Defendant fails to provide any details regarding this Court's decision to quash the ICE officer's subpoena. Importantly, Defendant neglects to include in his motion that Defendant failed to properly serve the subpoena. Additionally, the proffered testimony presented by Defendant had nothing to do with the issues in the case but rather had to do with the Immigration and Customs Enforcement's failure to supervise some of the Government's witnesses who were in this country illegally or who had overstayed their visa limitations. The witnesses had already testified that they were in violation of the law for remaining in the United States and the only purpose for attempting to elicit testimony from the ICE agent was to attempt to put that agency on trial for its alleged ineptitude - an issue wholly irrelevant to the charges and the issues at trial.

IRS Casserly was subpoenaed by Defendant but invoked his Fifth Amendment right not to testify because he had not been granted approval to testify, a requirement of the IRS. Because

of civil and potentially criminal contempt issues, Agent Casserly chose not to testify and Defendant did not object.

Defendant appears to argue that this Court should not have advised the witness of his rights or the potential consequences of testifying regardless of the fact that he had not been granted permission to testify. To the contrary, this Court is duty bound to insure that every witness recognizes his or her rights and to protect those rights if invoked.

Defendant has presented no grounds for a new trial. In this Court's opinion, Defendant received a fair trial. Defendant has presented no exceptional circumstances involving a miscarriage of justice or prejudicial error justifying a new trial. Defendant's Fed. R. Crim. P 33 Motion for a new trial is denied.

For the foregoing reasons, Defendant's Motion is found to be not well taken and the Court **DENIES** the same.

**IT IS SO ORDERED.**

 /s/ Gregory L. Frost
**GREGORY L. FROST**
**United States District Judge**