IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NEVILLE LYIMO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:15-cv-2910
Crim. No. 2:11-cr-0162
JUDGE ALGENON L. MARBLEY
Magistrate Judge King

## ORDER

On February 10, 2017, the Magistrate Judge recommended that the *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 154) be dismissed. *Report and Recommendation* (Doc. 165). Petitioner has objected to that recommendation, *Objection* (Doc. 171), and has amended his objections, *see Motion to Amend Objection to the Report and Recommendation* (Doc. 175). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 171) and amended objection are **OVERRULED**. The *Report and Recommendation* (Doc. 165) is **ADOPTED** and **AFFIRMED**. Petitioner's request for an evidentiary hearing is **DENIED**. The *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 154) is **DISMISSED**.

Petitioner's *Motion to Appoint Counsel* (Doc. 172) is **DENIED**.

Petitioner challenges his underlying criminal convictions on ten counts of aiding, assisting, or advising in the preparation of false income tax returns, in violation of 26 U.S.C. § 7206(2). Petitioner asserts that he was denied the effective assistance of trial and appellate counsel. The Magistrate Judge recommended dismissal of Petitioner's claims on the merits.

In his objections, Petitioner once again argues that, but for counsel's unreasonable performance, the defense expert, Jerry Anderson, would have exonerated him of the charges against him. Petitioner again also argues that, but for counsel's failure to conduct an adequate investigation into the charges against him, certain witnesses would have provided exculpatory evidence at trial. Petitioner complains that his attorney failed to interview prosecution witnesses and failed to object to what Petitioner contends amounted to improper or inadequate jury instructions and verdict forms. Petitioner also renews in his objections his claim of the denial of the effective assistance of appellate counsel. In short, Petitioner raises all of the same arguments that he presented to the Magistrate Judge. Petitioner also complains that, as a result of his convictions, he has been ordered to be removed from the United States to Tanzania. *Objection* (Doc. 171, PageID# 2391). In addition, he now argues that he has been improperly held responsible for loss amounts based on non-unanimous jury verdicts. *Id.* (PageID# 2394-96).

To the extent that Petitioner attempts to raise in his objections new claims that he did not previously present in his *Motion to Vacate*, such claims will not now be considered by the Court. Further, for the reasons already well detailed in the Magistrate Judge's *Report and Recommendation*, this Court agrees that Petitioner has failed to establish that relief is warranted. The record simply does not establish the denial of the effective assistance of trial or appellate counsel under the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984).

Under these circumstances, Petitioner's *Objection* (Doc. 171) and amended objections, *see Motion to Amend Objection to the Report and Recommendation* (Doc. 175), are **OVERRULED.** The *Report and Recommendation* (Doc. 165) is **ADOPTED and AFFIRMED.**

Petitioner's request for an evidentiary hearing is **DENIED**. The *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 154) is **DISMISSED**.

Petitioner's *Motion to Appoint Counsel* (Doc. 172) is **DENIED**.

ALGENON L. MARBLEY
United States District Judge