IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NEVILLE LYIMO,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

Crim. No. 2:11-cr-00162
JUDGE ALGENON L. MARBLEY
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner has filed a *Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651*. (ECF No. 190.) This matter is before the Court on that petition, Respondent's *Response in Opposition* (ECF No. 191), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Facts and Procedural History**

Petitioner was convicted, following a jury trial, on ten counts of aiding and assisting in the filing of false income tax returns in violation of 26 U.S.C. § 7206(2). On November 5, 2013, Petitioner was sentenced to 18 months' imprisonment to be followed by one year supervised release. *Judgment* (ECF No. 138.) On July 28, 2014, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court. *United States v. Lyimo*, 574 F. App'x 667 (6th Cir. 2014). On October 14, 2014, the United States Supreme Court denied the petition for a writ of *certiorari*. *Lyimo v. United States*, 135 S.Ct. 382 (2014). One year later, on October 14, 2015, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, asserting that he had been denied the effective assistance of trial and appellate counsel. *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 154.) On May 23, 2017, this Court dismissed that action. *Order* (ECF No. 176.) On

1

April 6, 2018, the Sixth Circuit denied Petitioner's request for a certificate of appealability. *Lyimo v. United States of America,* No. 17-4065 (6th Cir. Apr. 6, 2018).

On August 9, 2018, Petitioner filed the *Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651,* asserting that this Court erroneously calculated the amount of loss at $16,721, thereby violating the Sixth Amendment and *Mathis v. United States*, — U.S. —, 136 S.Ct. 2243 (2016), and resulting in his mandatory removal from the United States. Petitioner also claims that he was denied the effective assistance of counsel because his attorneys failed to appeal that issue or to advise him that this calculation would result in his removal from the United States.[1] Petitioner also claims that the Court issued improper jury instructions without special verdict forms in violation of the Fifth and Sixth Amendments to the United States Constitution. In response, Respondent asks that the matter be dismissed, arguing that Petitioner has either previously raised these claims on direct appeal or or in his *Motion to Vacate under 28 U.S.C. § 2255*, or that he could have raised these claims previously. Respondent also argues that Petitioner does not present any new facts in support of this motion.

The All Writs Act, 28 U.S.C. § 1651, provides in relevant part as follows:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. 1651(a). The issuance of a writ under this statute "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–260 (1947)). The authority conferred by this statute "is to be used 'sparingly and only in the most critical and exigent circumstances.'" *Wisconsin Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1305–06 (2004) (quoting

---

[1] Petitioner states that his immigration attorney also gave him improper advice. *Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651* (ECF No. 190, PAGEID # 2691-92.)

*Ohio Citizens for Responsible Energy, Inc. v. NRC,* 479 U.S. 1312, 1313 (1986)). A writ of error *coram nobis* may serve to vacate a federal conviction where the petitioner has already served his sentence and relief under 28 U.S.C. § 2255 no longer remains available. *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001); *see also Pilla v. United States,* 668 F.3d 368, 372 (6th Cir. 2012) (citation omitted)). It is an extraordinary writ that permits a person who is no longer "in custody" to collaterally attack his conviction. *United States v. Abou-Khodr*, No. 99-cv-81073, 2013 WL 4670856, at *4 (E.D. Mich. Aug. 30, 2013) (citing *United States v. Morgan*, 346 U.S. 502, 510-11 (1954)). A petitioner seeking relief by such a writ must establish: "1) an error of fact; 2) unknown at the time of trial; and 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Johnson*, 237 F.3d at 755; *see also Morgan*, 346 U.S. at 512 (a writ of error *coram nobis* may be considered where "no other remedy [is] available and sound reasons exist for failure to seek appropriate earlier relief"). *See also United States v. Nyhuis*, 40 F. App'x 80, 81 (6th Cir. 2002) ("[T]he doctrine of laches applies to *coram nobis* proceedings" and, "[t]o avoid the bar, a *coram nobis* petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously").

As noted by Respondent, Petitioner raises in his petition no new factual errors that were unknown to him at the time of trial. Indeed, Petitioner's claims involving jury instructions and special verdict forms were not only known to him at the time of trial, but he raised those claims in his motion to vacate under 28 U.S.C. § 2255 in connection with his claim of the denial of the effective assistance of counsel. *See Report and Recommendation* (ECF No. 165, PAGEID # 2351-52, 2355.) Thus, these claims do not offer a basis for relief here. Likewise, Petitioner's claim that the Court improperly calculated the loss to be greater than $10,000.00 was clearly known to Petitioner at the time of sentencing. However, Petitioner argues that he did not previously raise

3

this claim because his attorneys improperly failed to advise him of the immigration consequences of this calculation. *See Declaration of Neville Lyimo, Petitioner* (ECF No. 190-3, PAGEID # 2720-21.) "To be sure, [] constitutionally deficient representation, if true, can function as the rock upon which a petitioner can build h[is] *coram nobis* church." *Williams v. United States*, 858 F.3d 708, 712 (1st Cir. 2017) (citations omitted)). *See also United States v. Chan Ho Shin*, 891 F.Supp.2d 849, 853 (N.D. Ohio 2012) (citing *Pilla v. United States*, 668 F.3d 368, 372-73 (6th Cir. 2012)) (other citations omitted). In any event, however, Petitioner does not indicate, and the record does not reflect, any potentially viable basis on which he could have succeeded in demonstrating that the government's loss figures were inaccurate or incorrect. *See Pre-sentence Investigation Report*, §§ 10, 19. Petitioner's reference to the Supreme Court's June 23, 2016, decision in *Mathis* does not assist him. In *Mathis,* the Supreme Court sharpened its analysis of what counts as a prior violent felony under the Armed Career Criminal Act; the decision in that case does not assist Petitioner in challenging the government's loss figures in this case. Moreover, *Mathis* does not apply retroactively to cases on collateral review, such as this action. *In re Conzelmann*, 872 F.3d 375 (6th Cir. 2017).

In short, Petitioner has failed to establish a basis for relief under 28 U.S.C. § 1651 and his *Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651* is without merit.

**Recommended Disposition**

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific

4

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

October 10, 2018